**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**JOELLE C.,**

                              **Plaintiff,**

**v.**

                                                            **20-CV-1431**

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all proceedings in this case, including entry of final judgment.  Dkt. No. 15.  Joelle C. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits.  This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. Nos. 12, 13.  For the following reasons, Plaintiff's motion (Dkt. No. 12) is granted, and the Commissioner's motion (Dkt. No. 13) is denied.

**BACKGROUND**

On July 7, 2017, Plaintiff applied for a period of disability and Disability Insurance Benefits ("DIB") alleging that she became disabled on April 13, 2017, by

cavernous angionomas and cervical degenerative disease.  Tr. at 194-95.[1]  Plaintiff's claim was denied at the initial level, and she requested review.  Administrative Law Judge Paul Georger ("the ALJ") conducted a hearing on October 24, 2019.  Tr. at 65-96.  Plaintiff, who was represented by counsel, testified as did a vocational expert.  Tr. at 65-96.  On January 2, 2020, the ALJ issued a decision in which he found that Plaintiff was not under a disability as defined by the Act from April 13, 2017, through the date of his decision.  Tr. at 42-60.  The Appeals Council denied Plaintiff's request for review making the ALJ's decision final.  Tr. at 1-6.  This action followed.  Dkt. No. 1.

## **LEGAL STANDARD**

**Disability Determination**

A person making a claim for Social Security benefits bears the ultimate burden of proving disability throughout the period for which benefits are sought.  *See* 20 C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The claimant is disabled only if she shows that she is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or can be expected to last, for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22 (2002).

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 10.

A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).  Congress places the burden upon the claimant to establish disability by "furnish[ing] such medical and other evidence of the existence [of a disability] as the Commissioner . . . may require."  42 U.S.C. § 1382c(a)(3)(H)(i).  The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner.  20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

In keeping with this function, the Commissioner has established a five-step sequential evaluation for adjudicating disability claims, which is set forth at 20 C.F.R. § 416.920.  The claimant has the burden at the first four steps.  The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy; but the burden of proving disability is always on the claimant.  *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Section 405(g) limits the scope of the Court's review to two inquiries:

whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  See *Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).

Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'"  *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  See *Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## DISCUSSION AND ANALYSIS

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2017, her alleged onset date.[2] Tr. at 48. The ALJ concluded at step two that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical, thoracic, and lumbar spine; cavernomas of the brain and cervical spine; seizure disorder; headaches; obesity; anxiety; and depression. Tr. at 48. At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings giving special consideration to Listing 1.04 (Disorders of the Spine), Listing 11.02 (Epilepsy), Listing 12.04 (Depressive, Bipolar and Related Disorders), and Listing 12.06 (Anxiety and Obsessive Compulsive Disorders). Tr. at 48-49.

The ALJ found that Plaintiff retained the RFC to perform sedentary work as defined by 20 C.F.R. 404.1567(a), except she can never climb ramps and stairs, ladders, ropes or scaffolds; can never balance, kneel, crouch, and crawl; can only occasionally stoop; can never work at unprotected heights, around moving mechanical parts, and she can never operate a motor vehicle; cannot tolerate any exposure to vibration; requires a sit/stand option, allowing her to change position every hour; is able to perform simple, routine, and repetitive tasks but not at production rate pace; and is able to

---

[2] The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. Tr. at 48.

make simple work-related decisions.  Tr. at 51.  Relying on the VE's testimony, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of call out operator, ticket counter and addresser.  Tr. at 59-60.  Accordingly, the ALJ determined that Plaintiff had not been under a disability from April 13, 2017, through the date of his decision.  Tr. at 60.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings.  Dkt. Nos. 12, 13.  Plaintiff argues that the Appeals Council erred in rejecting evidence that Plaintiff had surgery less than two months after the ALJ's decision.  Dkt. No. 12-1, p. 15.  For the following reasons, this Court agrees and finds that remand is warranted.

**Evidence Before the Appeals Council**

Following the ALJ's decision, Plaintiff submitted records to the Appeals Council showing that Plaintiff underwent a craniotomy on March 2, 2020, to treat cavernous malformations, or blood clots, in her brain.[3]  Tr. at 12.  The Appeals Council rejected the records, reasoning that they post-dated the ALJ's January 2, 2020 decision, did "not relate to the period at issue," and therefore, did "not affect the decision about whether [Plaintiff was] disabled beginning on or before January 2, 2020."  Tr. at 2.

---

[3] "Cerebral cavernous malformations (CCMs) are groups of tightly packed, abnormal small blood vessels with thin walls. They may be present in the brain or spinal cord. The vessels contain slow-moving blood that's usually clotted. CCMs, which look like a small mulberry, can create problems in the brain or spinal cord due to leaking of blood in some people." https://www.mayoclinic.org/diseases-conditions/cavernous-malformations/symptoms-causes/syc-20360941

Under the Social Security Act, a court may order the Commissioner to consider additional evidence relating to claimant's alleged disability, but only upon a showing that she has new evidence which is material to her disability determination, and that she has good cause for failing to make such evidence part of the record in a prior proceeding.  42 U.S.C. § 405(g); *see also* 20 C.F.R §§ 404.970(a)(5) (cases the Appeals Council will review), 404.988(b) (conditions for reopening), 404.989(a)(1) (good cause for reopening).  To be considered "new," the proffered evidence cannot be cumulative of what is already in the record.  *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988); *Wilbon v. Colvin*, 2016 WL 5402702, at *5 (W.D.N.Y. 2016).  Evidence is considered  "material" when it is relevant to claimant's condition during the time period for which benefits are sought and is probative of her condition.  *Tirado*, 842 F.2d at 597*.*  Finally, claimant must show good cause for her failure to present the evidence earlier.  *Id.*; *Brown-Smith v. Comm'r of Soc. Sec.*, 2019 WL 5781861, at *3 (WDNY 2019)

When "evidence submitted by [the claimant] did not exist at the time of the ALJ's hearing, there is no question that the evidence is 'new' and that 'good cause' existed for [his or] her failure to submit this evidence to the ALJ."  *Morales v. Berryhill*, No. 14CV2803KMKLMS, 2018 WL 679566, at *19 (S.D.N.Y. Jan. 8, 2018), *report and recommendation adopted sub nom. Morales v. Comm'r of Soc. Sec.*, No. 14CV2803KMKLMS, 2018 WL 679492 (S.D.N.Y. Feb. 1, 2018) (quoting *Pollard v. Halter*, 377 F. 3d 183, 193 (2d Cir. 2004).  In this case, the records substantiating that claimant underwent a craniotomy to treat her cerebral cavernous malformations post-date the ALJ's decision.  Tr. at 12, 60.  Therefore, this evidence is both new and good cause existed for Plaintiff's failure to provide the records to the ALJ.

This leaves the sole question of whether claimant's proffered records are material. Evidence is material if, upon consideration, it could have "undermined key aspects of the ALJ's decision." *Wilbon*, 2016 WL 5402702, at *6. Importantly, "the Court does not have to decide that the new records *will* change the previous determination; it [need] only [determine whether] the records are relevant and probative." *Brown-Smith v. Comm'r of Soc. Sec.*, No. 18-CV-939 HBS, 2019 WL 5781861, at *4 (W.D.N.Y. Nov. 6, 2019). This Court finds that the proffered records are material because they relate back to a condition previously complained of by Plaintiff, i.e., cerebral cavernous malformations, during the relevant time period, April 13, 2017, through January 2, 2020 (Tr. at 48, 60). *Hightower v. Colvin*, No. 12-CV-6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013).

The ALJ explicitly determined that cavernomas of the brain and spine were a severe impairment for Plaintiff during that timeframe. Tr. at 48. He noted certain medical facts likely relating to Plaintiff's cavernomas, specifically: that she was acutely ill in September 2017, with seizure symptoms (among other things), resulting in three hospitalizations, and that a June 2019 MRI of Plaintiff's brain showed multiple cavernomas with both the cerebral and cerebellar hemispheres and the brainstem. Tr. at 54, 56. The post-decision records show that Plaintiff underwent a craniotomy at Buffalo General on February 27, 2020, attended by Jason M. Davies, MD, requiring follow up. Tr. at 27-36. Plaintiff returned to the hospital on March 2, 2020, for partial seizure and cavernomas. Tr. at 12-25. On March 4, 2020, Plaintiff was seen at Dent Neurologic where practitioners noted that Plaintiff was currently on 3 different drugs to manage her seizures. Tr. at 9-10.

The fact that Plaintiff continued to have partial seizures following surgical intervention and medication could very easily have undermined key aspects of the ALJ's decision—specifically, the determination that Plaintiff's cavernomas did not interfere with her ability to function.  Plaintiff's claim should be reevaluated considering all the evidence relevant to her cerebral cavernoma malformations.  Because this Court finds that the Appeals Council erred by summarily rejecting the evidence of Plaintiff's mental impairments, this matter must be remanded to the Commissioner for further proceedings consistent with this decision.  *Hightower v. Colvin*, No. 12-CV-6475T, 2013 WL 3784155, at *4 (W.D.N.Y. July 18, 2013).

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED insofar as it seeks remand, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 13) is DENIED.  This matter is remanded to the Commissioner for further proceedings consistent with this decision.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         August 17, 2022

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**